# IN THE COURT OF APPEALS OF IOWA

No. 20-1010
Filed October 20, 2021

**DAVID BRADFORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

David Bradford appeals the dismissal of his second postconviction-relief application. **AFFIRMED.**

Christopher A. Kragnes, Sr. of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

The district court dismissed David Bradford's second application for postconviction relief (PCR) because it was not timely. We affirm.

In 2005, Bradford was convicted of a drug offense. This court affirmed. *State v. Bradford*, No. 05-0778, 2006 WL 1229930, at *1–2 (Iowa Ct. App. Apr. 26, 2006). Procedendo issued on May 26, 2009. A few months later, Bradford filed his first PCR application. The PCR court denied relief, and our court affirmed. *Bradford v. State*, No. 15-0811, 2016 WL 7403701, at *1–2 (Iowa Ct. App. Dec. 21, 2016). Procedendo issued in January 2017. Over sixteen months later, in June 2018, Bradford filed this case, his second PCR action. The State moved to dismiss, claiming this action was time-barred under Iowa Code section 822.3 (2018). The PCR court agreed and dismissed. Bradford appeals.

Following our review, we conclude Bradford has not demonstrated reversible error.[1] In general, section 822.3 requires PCR applications to be "filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Bradford's present application was filed nine years after the issuance of procedendo following his direct appeal. This is far outside the statutory three-year period.

But Bradford directs our attention to *Allison*, in which the supreme court held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the

---

[1] "[W]e review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018).

timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891.

Bradford argues that *Allison* adopted "equitable tolling." So, Bradford suggests, the three-year period was tolled—meaning, it did not run—while his first PCR was being litigated. We disagree. *Allison* discussed—but did not adopt—this sort of tolling. *See Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 n.3 (Iowa Ct. App. Aug. 21, 2019).

Alternatively, Bradford suggests *Allison* applies because his current PCR application was "filed promptly after the conclusion of the first PCR action." *Allison*, 914 N.W.2d at 891. We disagree. "Since *Allison*, our court has had several opportunities to consider the phrase 'filed promptly.'" *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021). "And we have repeatedly concluded that 'delays [of] one year or more' are not sufficiently 'prompt.'" *Id.* (alteration in original) (citation omitted).[2] Bradford did not file this action until sixteen months after his first PCR concluded. This was not sufficiently prompt. So *Allison* does not apply.

Finally, Bradford argues the PCR court erred by failing to address certain pro se filings. As explained, however, we conclude this case is time-barred. So we believe the pro-se-filing issue is moot.

**AFFIRMED.**

---

[2] This does not mean delays of *less* than a year *are* sufficiently prompt. For instance, we have held delay as short as 121 days was too long. *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020).